# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| EMILY THOMPSON, | \* | No. 19-1708V |
| | \* | |
| Petitioner, | \* | |
| | \* | Special Master Christian J. Moran |
| v. | \* | |
| | \* | Filed: October 21, 2021 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | Entitlement; dismissal. |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

David J. Carney, Green & Schafle LLC, Philadelphia, PA, for petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Emily Thompson alleged that the influenza ("flu") vaccination she received on November 21, 2016 caused her to develop severe pain, discomfort, and decreased range of motion in her right shoulder. Pet'r's aff. ¶¶ 4, 7. On October 19, 2021, Ms. Thompson moved for a decision dismissing her petition.

### I. Procedural History

Emily Thompson ("petitioner") filed a petition on November 4, 2019. After petitioner filed her initial medical records, the Secretary filed his Rule 4(c) report on April 16, 2021, contesting entitlement. Respondent contested causation, noting that petitioner had not filed an expert report supporting petitioner's theory that the flu vaccine caused petitioner's alleged injury. On September 20, 2021, petitioner filed a status report stating that she had been unable to retain an expert to opine on her case. On the same date, the undersigned ordered petitioner to file a status report providing an update on her efforts to retain an expert or file a motion for dismissal by October 21, 2021. After undertaking efforts to engage an orthopedic expert, petitioner moved to voluntarily dismiss the case.

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## II.    Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, petitioner filed medical records and retained an orthopedic expert to review her case.  However, petitioner's expert was unable to support a finding of causation.  Therefore, petitioner wishes to have her claim dismissed and judgment entered against her.  Petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal).

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  Here, the petitioner presented insufficient evidence to support a finding that her flu vaccination caused the alleged injury.  Petitioner was unable to file an expert report supporting her case that the flu vaccination caused her alleged injury.  A petitioner must show by a preponderance of the evidence that the vaccine actually caused the alleged injury to receive compensation.  See Althen v. Sec'y of Health and Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).  Petitioner has failed to do so in this case.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

2